UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THORTON HARD,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner,<br>Social Security Administration,<br><br>        Defendant. | Case No. C06-1632-JCC-JPD<br><br>REPORT AND RECOMMENDATION |

Plaintiff, Thorton F. Hard, Jr., appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner"), which denied plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, 1381 *et seq.*, after a hearing before an Administrative Law Judge ("ALJ"). For the reasons set forth below, the Court recommends that the Commissioner's decision be REVERSED and REMANDED for further proceedings not inconsistent with this opinion.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a sixty-one year old man with two years of college education. Administrative Record ("AR") at 78, 97. Plaintiff has previously worked as a handyman and general laborer, and as a day laborer washing dishes and loading trucks. AR at 113, 117. He was last gainfully employed in 2003. AR at 80, 113.

01  Plaintiff has previously applied for, and received, disability insurance benefits. AR at
02  100. On June 7, 1996, plaintiff was awarded DIB benefits, which were terminated in March,
03  1998. AR at 70, 100. On June 12, 2003, plaintiff reapplied for DIB and applied for SSI. AR
04  at 78-80. His application was denied initially and on reconsideration. AR at 37, 45. On
05  August 29, 2005 plaintiff appeared at a hearing before an ALJ who determined that plaintiff
06  was not disabled. AR 22-34. Plaintiff's administrative appeal of the ALJ's decision was
07  denied by the Appeals Council, AR at 6-8, making the ALJ's ruling the "final decision" of the
08  Commissioner as that term is defined by 42 U.S.C. § 405(g). On November 15, 2006, plaintiff
09  timely filed the present action challenging the Commissioner's decision. Dkt. No. 3.

## II.  JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.  STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, but less than a preponderance, and is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, settling conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record meticulously as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence of record is susceptible to more than one rational interpretation, it is the Commissioner's conclusions that must be upheld. *Id.*

## IV.  EVALUATING DISABILITY

As the claimant, Mr. Hard bears the burden of proving that he is disabled within the meaning of the Social Security Act ("the Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of at least twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled or not disabled at any step in the sequence, the inquiry ends without need to consider subsequent steps.

Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether that

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals a listing for the twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. *Id.* If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, the burden shifts to the Commissioner at step five to show that the claimant can perform some other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the Commissioner finds the claimant is unable to perform other work, the claimant is disabled and benefits may be awarded.

## V. DECISION BELOW

On February 8, 2006, the ALJ issued a decision denying plaintiff's request for benefits, which found:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through September 30, 2004.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's personality disorder and degenerative disc disease of [the] lumbar spine are considered "severe" based on the requirements in the Regulations. His dysthymia and glaucoma are not severe impairments. The claimant has no medically determinable impairment related to his complaints of right shoulder, left hip, and right knee pain (20 CFR §§ 404.1520(c) and 416.920(c)).

4. The claimant's medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

REPORT AND RECOMMENDATION
PAGE – 4

|   |   |   |
|---|---|---|
| | 5. | The claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision. |
| | 6. | The claimant retains the residual functional capacity to lift and/or carry 50 pounds occasionally and 25 pounds frequently. He can stand and/or walk for six hours in an eight-hour workday. The claimant can sit for six hours in an eight-hour workday. He should not climb ladders and should avoid heights and hazards. The claimant can perform simple and repetitive tasks in a work environment with no more than limited public contact. |
| | 7. | The claimant is unable to perform any of his past relevant work (20 CFR §§ 404.1565 and 416.965). |
| | 8. | The claimant is an "individual of advanced age" (20 CFR §§ 404.1563 and 416.963). |
| | 9. | The claimant has "more than a high school (or high school equivalent) education" (20 CFR §§ 404.1564 and 416.964). |
| | 10. | The claimant has a skilled work background, but no transferable skills within his residential functional capacity. (20 CFR §§ 404.1568 and 416.968). |
| | 11. | The claimant has the residual functional capacity to perform a significant range of medium work (20 CFR §§ 404.1567 and 416.967). |
| | 12. | Although the claimant's exertional limitations do not allow him to perform the full range of medium work, using Medical-Vocational Rule 203.15 as a framework for decision-making, there are a significant number of jobs in the national economy that he could perform. Examples of such jobs include his past work as a dishwasher and truck loader/unloader. |
| | 13. | The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR §§ 404.1520(g) and 416.920(g)). |

AR at 32-33.

## VI. ISSUES ON APPEAL

The parties agree that the ALJ erred in two respects. First, the parties agree that the ALJ erroneously concluded at step four of the analysis that plaintiff was not able to perform any relevant past work, and then stated that the plaintiff could engage in work as a dishwasher or truck loader/unloader, both jobs that plaintiff had previously held. Dkt. No. 15 at 8-11; Dkt. No. 20 at 2. Second, the parties agree that the ALJ erred at step five by failing to

consider job-incidence data from a vocational expert. Dkt. No. 15 at 9, 10-11; Dkt. No. 20 at 2. However, the parties dispute whether the ALJ properly evaluated the medical opinions of plaintiff's treating psychologist and a consultative evaluating physician. The parties also dispute whether the ALJ's credibility finding with respect to the plaintiff is supported by substantial evidence.

There are four primary allegations of error:

1. Does Substantial Evidence Support the ALJ's Decision to Reject the Medical Opinion Evidence of Examining Physician Dr. West and Treating Psychologist Dr. Anderson?

2. Does Substantial Evidence Support the ALJ's Assessment of the Plaintiff's Credibility?

3. Did the ALJ Err in Determining that Plaintiff Could Not Perform Past Relevant Work?

4. Did the ALJ Err by Failing to Consider Job-Incidence Data from a Vocational Expert at Step Five?

## VII.   DISCUSSION

A. <u>The ALJ's Decision to Reject the Medical Opinion Evidence of Examining Physician Dr. West and Treating Psychologist Dr. Anderson is Supported by Substantial Evidence</u>

Relevant medical evaluations of the following physicians were before the ALJ at the time of plaintiff's August 29, 2005, disability hearing: treating physician Dr. Steven McGee, (AR at 224, 249-50, 253, 261, 280, 291, 303-21, 357-58, 369-70, 389, 412, 424); treating psychologist Lyle Anderson, Ph.D. (AR at 460-75, 506-17); examining physician Dr. Raymond West, (AR at 343-49); non-examining psychologist Steven Goldberg, Ph.D. (AR at 329-42); and non-examining physician Dr. Jeff Merrill (AR at 350-55). The ALJ also heard testimony of medical expert Dr. Arthur Lewy, Ph.D. AR at 546-53.

The plaintiff argues that the ALJ failed to give proper weight to the opinions of Drs. West and Anderson, and rejected those opinions without a "specific and legitimate" basis. Dkt. No. 15 at 14-21. The Commissioner disagrees, and insists that the ALJ's reasons for

rejecting these opinions were specifically outlined and sufficiently legitimate. Dkt. No. 20 at 8-10.

As a matter of law, more weight is given to a treating physician's opinion than to that of a nontreating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes*, 881 F.2d at 751. "Likewise, greater weight is accorded to the opinion of an examining physician than a non-examining physician." *Andrews*, 53 F.3d at 1041; *see also* 20 C.F.R. § 416.927(d)(1). However, under certain circumstances, an examining physician's opinion can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

          1.    *Dr. West*

Dr. West examined plaintiff once on July 13, 2004. AR at 343. After talking to plaintiff and administering a physical examination, Dr. West concluded that plaintiff was able to "stand and walk for three to four hours cumulatively in an eight hour day," and that plaintiff was able to "lift and carry 15 pounds occasionally, but only for short distances." AR at 348.

The ALJ "[did not] assign substantial weight" to the opinion of Dr. West. AR at 30. As support for this decision, the ALJ noted that the Dr. West's opinion "appears to have been largely based on the claimant's subjective complaints, which are exaggerated." AR at 30.

01  Additionally, the ALJ noted that Dr. West's opinion was contradicted by the opinion of non-
02  examining physician Dr. Merrill. AR at 30. After review of plaintiff's medical records, Dr.
03  Merrill concluded that plaintiff could occasionally lift and/or carry fifty pounds, and frequently
04  lift and/or carry twenty-five pounds. AR at 351. The ALJ found the opinion of Dr. Merrill to
05  be more relevant. AR at 30. Dr. Merrill stated that the restrictions noted by Dr. West were
06  not "well supported or consistent with the benign course of back pain noted elsewhere on the
07  file." AR at 352. The ALJ concluded that, based on Dr. Merrill's expertise in evaluating
08  medical issues in disability claims, and the inconsistencies between the record and Dr. West's
09  conclusions, Dr. Merrill's opinion was entitled to greater weight. AR at 30.

   2.   *Dr. Anderson*

11  Dr. Anderson has been plaintiff's treating psychologist for several years. AR 275, 229,
12  218, 216. Over the course of plaintiff's treatment, Dr. Anderson has consistently noted that
13  plaintiff seems happy with his avoidant lifestyle. AR at 198, 203-04, 206-07. Dr. Anderson
14  also noted that plaintiff has "appropriate affect with normal mood" and that at times plaintiff
15  was "[f]eeling appropriately stressed." AR at 215. Dr. Anderson found that plaintiff's
16  "dysthymic mood is longstanding," AR at 216, but also found, on May 23, 2005, that plaintiff
17  was "not significantly depressed." AR at 356. Less than one month later on June 9, 2003, Dr.
18  Anderson stated that plaintiff suffered from a "20 + year history of significant depression." AR
19  at 364.

20  The ALJ chose to assign no weight Dr. Anderson's "opinion that [plaintiff] had severe,
21  recurrent major depression and marked extreme limitations." AR at 30. To support his
22  decision, the ALJ noted the discrepancies and contradictions between Dr. Anderson's
23  extensive treatment notes and Dr. Anderson's submission to the Commissioner. AR at 30.

   3.   *Conclusion Regarding Medical Evidence*

25  The role of this Court is limited. The Court may neither reweigh the evidence nor
26  substitute its judgment for that of the Commissioner. *Thomas*, 278 F.3d at 954. When the

REPORT AND RECOMMENDATION
PAGE – 8

evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.* The ALJ gave specific and legitimate reasons for giving little or no weight to the controverted medical opinions of both Drs. West and Anderson. Therefore, the ALJ did not err in his assessment of the medical evidence in this case.

### B. The ALJ's Assessment of Plaintiff's Credibility is Supported by Substantial Evidence

The ALJ found that the plaintiff was not entirely credible in his statements regarding his impairments and their impact on his ability to work. AR at 29. On appeal, the plaintiff objects and asserts that there was no finding that the plaintiff was malingering, and the ALJ failed to support this determination with clear and convincing reasons for rejecting plaintiff's testimony. Dkt. No. 15 at 21.

A determination of whether to accept a claimant's subjective symptom testimony requires a two step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); SSR 96-7p (1996).[2] First, the ALJ must determine whether there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen*, 80 F.3d at 1281-82; SSR 96-7p. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are unsupported by objective medical evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (internal citations omitted). Absent affirmative evidence showing that the claimant is malingering, the ALJ must

---

[2] Social Security Rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are binding on SSA adjudicators. 20 C.F.R. § 402.35(b); *Holohan v. Massanari*, 246 F.3d 1195, 1203 n.1 (9th Cir. 2001). Accordingly, such rulings are given deference by the courts "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

01 provide "clear and convincing" reasons for rejecting the claimant's testimony. *Smolen*, 80 F.3d
02 at 1284; *Reddick*, 157 F.3d at 722.

03 When evaluating a claimant's credibility, the ALJ must specifically identify what
04 testimony is not credible and what evidence undermines the claimant's complaints; general
05 findings are insufficient. *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722. The ALJ may
06 consider "ordinary techniques of credibility evaluation" including a reputation for truthfulness,
07 inconsistencies in testimony or between testimony and conduct, daily activities, work record,
08 and testimony from physicians and third parties concerning the nature, severity, and effect of
09 the symptoms of which he complains. *Smolen*, 80 F.3d at 1284; *see also Light v. Social Sec.*
10 *Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (internal citations omitted).

11 In this case, the ALJ found that the plaintiff's testimony was not entirely credible. In
12 doing so, the ALJ noted that the plaintiff's subjective complaints were inconsistent with his
13 activities of daily living. The ALJ concluded that the plaintiff "functions well within the
14 parameters he has set for himself" including watching television, shopping at second-hand
15 stores, and meeting friends for coffee. AR at 29. The ALJ is permitted to draw an adverse
16 inference as to the plaintiff's credibility when the claimant is able to engage in daily activities
17 inconsistent with an alleged impairment. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir.
18 2005). The ALJ considered the fact that the plaintiff "sought relatively little treatment for his
19 pain complaints" and that he "takes ibuprofen for pain relief." AR at 29. The ALJ found that
20 this undermined the plaintiff's claim of disability. AR at 29. The ALJ also noted that "the
21 claimant's poor work record does not indicate that he is motivated to engage in full time
22 work" and that "the record shows that the claimant's lack of employment is primarily a lifestyle
23 choice rather [than] the result of his impairments." AR at 29. These reasons provide a
24 legitimate basis for the ALJ to discount the plaintiff's testimony. *Thomas* 278 F.3d at 959.
25 The ALJ is charged with assessing credibility. The ALJ's adverse credibility
26 determination is supported by substantial evidence, and must be affirmed.

REPORT AND RECOMMENDATION
PAGE – 10

### C. The ALJ Should Reevaluate Plaintiff's Past Relevant Work on Remand

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must evaluate the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(e), 416.920(e). Past relevant work includes work performed within the past fifteen years, or within fifteen years from the date of disability, and must have lasted long enough for the claimant to have received sufficient training to perform that work. 20 C.F.R. §§ 404.1565, 416.965.

The ALJ concluded that plaintiff could not perform his past relevant work as a handyman, but did not explicitly state whether plaintiff's past work as a dishwasher and truck loader/unloader were "past relevant work" as defined in 20 C.F.R. §§ 404.1565, 416.965. AR at 31. It appears likely that the ALJ concluded that this work was not past relevant work because the ALJ proceeded to step five in the five-step evaluation, which would not have been necessary if plaintiff's work as a dishwasher and truck loader/unloader was in fact past relevant work. However, without an explanation by the ALJ, the analysis is incomplete. On remand, the ALJ should make an explicit finding as to whether plaintiff's work as a dishwasher and truck loader/unloader can be considered past relevant work.

### D. The ALJ Should Consider Job-Incidence Data from a Vocational Expert at Step Five

If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, the burden shifts to the Commissioner at step five to show that the claimant can perform some other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the ALJ finds on remand that the plaintiff is not able to perform any of his past relevant work, he should proceed to step five and consider job-incidence data as part of his analysis. SSR 83-14 (1982). Both parties agree that the ALJ erred by failing to consider job-incidence data for work as a dishwasher and truck

01 loader/unloader after the ALJ concluded that plaintiff could perform either of these jobs. Dkt.
02 No. 15 at 9-11, Dkt. No. 20 at 6-7. This error must be corrected on remand.

### III.  CONCLUSION

Because the ALJ erred by failing to clearly state whether plaintiff had past relevant work and failing to consider job-incidence data at step-five of his analysis, this case should be REVERSED and REMANDED for further proceedings not inconsistent with this Report and Recommendation. Specifically, the ALJ should make a clear finding as to plaintiff's past relevant work, and if he finds that plaintiff is unable to perform any of his past relevant work, the ALJ should continue to step five. The ALJ should then evaluate the job-incidence data for each job available, if any, in the national economy that he finds plaintiff able to perform. A proposed order accompanies this Report and Recommendation.

DATED this 13th day of August, 2007.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge