UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THORNTON HARD,

    Plaintiff,

  v.

MICHAEL J. ASTRUE,
  Commissioner, Social Security Administration,

    Defendant.

CASE NO. C06-1632-JCC

ORDER

This matter comes before the Court on the Report and Recommendation (R&R) of United States Magistrate Judge James P. Donohue ("R&R") (Dkt. No. 23) and Plaintiff's Objections thereto (Dkt. No. 25). Having carefully considered the record in this case, the Court ADOPTS the R&R REVERSING the Commissioner's decision and REMANDING for further proceedings. Because the background of this case is sufficiently detailed in the R&R, the Court will not recount it here except as necessary to explain its findings.

I.     STANDARD OF REVIEW

The Court may set aside the Commissioner's denial of Social Security benefits when the Administrative Law Judge's (ALJ's) findings are based on legal error or are not supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Bayliss v. Barnhart,* 427 F.3d 1211, 1214 n.1 (9th

ORDER – 1

Cir. 2005). "Substantial evidence means more than a scintilla but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (internal quotations omitted). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Further, this Court may not affirm the ALJ's decision on a ground upon which the ALJ did not rely. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## II. ANALYSIS

In his Objections, Plaintiff requests that this Court adopt the portions of the R&R remanding the case to the ALJ, but reject the portions affirming the ALJ's findings of witness credibility. (Pl.'s Objections (Dkt. No. 25).) Specifically, Plaintiff objects only to the portions of the R&R affirming the ALJ's evaluation of the testimony of treating doctors Anderson and West, and the portion affirming the ALJ's adverse credibility finding as to Plaintiff. (Pl.'s Objections 2–3 (Dkt. No. 25).)

### A. Substantial Evidence Supports the ALJ's Evaluation of Dr. Anderson's Opinion

Plaintiff objects to the ALJ's evaluation of treating psychotherapist Anderson's opinion. In a Disability Insurance Benefits hearing, it is within the ALJ's discretion to place more weight upon evidence other than a treating doctor's opinion. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). In fact, the ALJ can disregard a treating doctor's opinion so long as the ALJ supports such decision with substantial evidence on the record. *Magallanes,* 881 F.2d at 751 ("The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.")

Plaintiff argues that the ALJ did not give "legally sufficient reasons for rejecting Dr. Anderson's opinions." (Pl.'s Objections 8 (Dkt. No. 25 ).) This Court disagrees. The ALJ assigned "no weight to Dr. Anderson's opinion that the claimant has severe, recurrent major depression and marked and extreme

ORDER – 2

limitations and restrictions" because Dr. Anderson's psychotherapy notes and other evidence in the record were inconsistent with such assessment. (Tr. at 30 (Dkt. No. 9).) For example, Dr. Anderson's notes of February 26, 2004, show that Plaintiff was "not sig. depressed." (Tr. at 372 (Dkt. No. 9).) On March 31, 2004, Dr. Anderson noted that Plaintiff was "stable" and "generally euthymic" and "[r]easonably content[.]" (Tr. at 375 (Dkt. No. 9).) Dr. Anderson's notes from June 11, 2004, show that Plaintiff was "somewhat dysthymic, but more situationally stressed than mood related." (Tr. at 386 (Dkt. No. 9).) On January 26, 2005, Dr. Anderson examined Plaintiff and found him to have "appropriate affect and normal mood" and a dermatology outpatient visit note from the same day indicated that Plaintiff was "pleasant" and "joking." (Tr. at 437, 438 (Dkt. No. 9).) On May 31, 2005, Dr. Anderson reported that Plaintiff was "not sig. depressed." (Tr. at 457 (Dkt. No. 9).) Given the ample number of notes indicating that Plaintiff was not severely depressed, the Court finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support [the ALJ's] conclusion" that Plaintiff was not severely depressed. *Magallanes,* 881 F.2d at 750.

Plaintiff argues further that the ALJ "unreasonably construed some of Hard's depressive symptoms as a 'lifestyle' choice" rather than "part and parcel of his depressive illness." (Pl.'s Objections 8 (Dkt. No. 25).) Again, the Court disagrees. Dr. Anderson's notes of July 28, 2004, state that Dr. Anderson himself "reminded [Plaintiff] that *his chosen lax lifestyle* and poor sleep hygiene habits are prime contributing factors to his difficulties." (Tr. at 393 (Dkt. No. 9)) (emphasis added). Again, Dr. Anderson's notes of May 31, 2005, state that the doctor "reflected to [Plaintiff] that he appears to lead a lifestyle that is designed around personal comfort and avoidance of limitations[.]" (Tr. at 457 (Dkt. No. 9).) The Court affirms the ALJ's evaluation of Plaintiff's condition.

### B. Substantial Evidence Supports the ALJ's Evaluation of Dr. West's Opinion

The ALJ did not "assign significant weight to Dr. West's opinion that the claimant was limited to lifting 15 pounds and standing and walking for three to four hours in an eight-hour day" because Dr. West's opinion appeared to be based on the Plaintiff's subjective complaints. (Tr. at 30 (Dkt. No.9).)

ORDER – 3

Additionally, Dr. West's opinion was "not consistent with the modest pathology shown on the x-ray, the minimal findings on examination, and the benign course of back pain noted elsewhere in the record." (*Id.*) Plaintiff objects to the ALJ's evaluation of Dr. West's opinion on grounds that such reasons were not legally sufficient. (Pl.'s Objections 5 (Dkt. No. 25).) However, the Court has reviewed Dr. West's report and is in agreement with the ALJ that the report appears to be based primarily on the subjective statements of Plaintiff, which are interwoven throughout the report. Dr. West met only once with Plaintiff, so he did not himself observe Plaintiff's condition over time. The Court does not find that the ALJ erred in assigning less weight to Dr. West's opinion based on these facts. The "modest pathology shown on the x-ray, the minimal findings on examination, and the benign course of back pain noted elsewhere in the record" contradict Dr. West's findings that Plaintiff can lift only 15 pounds. Plaintiff himself testified that he could lift twenty pounds. (Tr. at 28 (Dkt. No. 9).)

Plaintiff argues also that the ALJ erred in assigning greater weight to non-examining doctor Merrill's opinion regarding Plaintiff's physical capacity. (Pl.'s Objections 5 (Dkt. No. 25).) Dr. Merrill found that, based on the record, Plaintiff "could lift and/or carry 50 pounds occasionally and 25 pounds frequently" and "could stand and/or walk for about six hours and sit for about six hours in an eight-hour workday." (Tr. at 351 (Dkt. No. 9).) Plaintiff argues that Dr. Merrill's opinions are entitled to less weight than the opinion of the examining physician, Dr. West. (Pl.'s Objections 5 (Dkt. No. 25).) It is true that "the opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). However, the Ninth Circuit has upheld the Commissioner's decision to reject the opinion of an examining doctor based in part on the opinion of a nonexamining doctor, so long as there was other evidence to support the ALJ's decision. *Id.* As discussed above, the ALJ assigned little weight to Dr. West's opinion based on legally sufficient, substantial evidence that did not relate to Dr. Merrill's opinion. Therefore, the ALJ could properly assign greater weight to Dr. Merrill's opinion.

ORDER – 4

Plaintiff argues also that it was improper for the ALJ to favor Dr. Merrill's opinions over Dr. West's because Dr. Merrill "had the facts wrong." (Pl.'s Objections 5 (Dkt. No. 25).) Specifically, he argues that Dr. Merrill's opinion was incorrectly based on the July 2004 finding that a straight leg raising test was negative with only mild back pain, when in fact, Dr. West reported that Plaintiff's test appeared to be positive on the left. (*Id.* at 6.) Plaintiff argues further that Dr. Merrill's report improperly characterizes Dr. West's findings as "minimal" when in fact, Dr. West determined that Plaintiff's Achilles reflexes were absent bilaterally. (Pl.'s Objections 6 (Dkt. No. 25).) The Court is not convinced that the ALJ erred by giving more weight to Dr. Merrill's opinion despite Dr. Merrill's mistakes or omissions as to those two findings. Dr. Merrill based his opinion on many findings, including the finding that Plaintiff was able to bend and squat, the finding that Plaintiff's x-rays showed "modest pathology," and the finding that the back pain described elsewhere in the record was "benign." (Tr. at 352 (Dkt. No. 9).) Further, while the ALJ did accord more weight to Dr. Merrill's opinion than to Dr. West's, he did not accept it wholesale. For instance, the ALJ found that Plaintiff should not climb ladders and should avoid heights and hazards, despite Dr. Merrill's opinion that he could occasionally climb ladders. (Tr. at 33, 352 (Dkt. No. 9).)

Plaintiff also argues that because the "record does not include any evidence that Dr. Merrill had any expertise in the assessment of orthopedic impairments such as degenerative disk disease[,]" Dr. Merrill's "statement that the 'modest' x-ray evidence did not support Dr. West's opinions was a mere assertion." (Pl.'s Objections 6 (Dkt. No. 25).) Plaintiff claims that "[t]here is no record evidence that Dr. Merrill understood better than Dr. West x-ray evidence showing moderately severe degenerative disk disease." (*Id.*) However, even Dr. West noted that Plaintiff had only "'mild pain' in the lower back." (Tr. at 347 (Dkt. No. 9).) Plaintiff points to a December 6, 2002, report from Dr. Steven McGee, M.D., stating that Plaintiff's x-rays showed "[m]oderate multilevel degenerative changes . . . at L1-L2 and L2-L3." (Tr. at 308 (Dkt. No. 9).) The Court is not convinced that the ALJ erred in crediting Dr. Merrill's opinion even if Plaintiff has moderate degenerative disk disease that, as Dr. West noted, results in mild

ORDER – 5

pain.

As further support for discrediting Dr. Merrill's opinion, Plaintiff points to Dr. McGee's June 2003 report that Plaintiff was severely limited, unable to lift even two pounds, and unable to stand or walk. (Tr. at 370 (Dkt. No. 9).) However, the ALJ had good reason to give no weight to that opinion on the grounds that an "outpatient note from that appointment indicates that Dr. McGee completed the DSHS form because he believed the claimant was 'probably' disabled by depression" and because Plaintiff himself contradicted Dr. McGee's opinion by testifying that he could lift twenty pounds and walk two miles. (Tr. at 30 (Dkt. No. 9).) The Court concludes that there was substantial evidence to support the ALJ's evaluation of Dr. Merrill's opinion.

### C. Substantial Evidence Supports the ALJ's Adverse Credibility Finding as to Plaintiff

Plaintiff objects to the R&R on the grounds that "since the ALJ erroneously evaluated the medical evidence, affirmance of the ALJ's adverse cerdibility finding [as to Plaintiff] would be premature." (Pl.'s Objections 9 (Dkt. No. 25).) Because this Court does not find that the ALJ erred in evaluating the medical evidence, affirmance of the ALJ's adverse credibility finding is not premature.

Plaintiff also challenges the ALJ's credibility finding insofar as it relies upon Plaintiff's poor work record to find that Plaintiff has no motivation to engage in full-time work. (Pl.'s Objections 9 (Dkt. No. 25).) Plaintiff argues that because the Agency found Plaintiff to be unable to work from December 1990 until December 1997, the ALJ cannot use Plaintiff's poor work record against him on a credibility finding. (*Id.*) Even accepting Plaintiff's argument, there is still substantial evidence in the record to support the ALJ's adverse credibility finding. The ALJ weighed Plaintiff's subjective complaints against objective evidence. (Tr. at 29 (Dkt. No. 9).) Specifically, he found that Plaintiff's subjective complaints regarding his depression were inconsistent with his activities of daily living. The ALJ found that Plaintiff performs well within his own parameters, which include shopping at thrift stores and having coffee with friends. (*Id.*) The ALJ relied upon Dr. Anderson's psychotherapy notes to support the finding that Plaintiff enjoys his unstructured lifestyle, is "avoidantly self indulgent[,]" and has little motivation to

ORDER – 6

change. (*Id.*) The ALJ also relied upon the psychotherapy notes to support the finding that Plaintiff was not severely depressed. (*Id.*) As the Court has discussed above, the notes do show that Plaintiff was not significantly depressed and was "generally euthymic with appropriate affect and normal mood." (Tr. at 29 (Dkt. No. 9).)

There is also ample evidence in the record to support the ALJ's adverse credibility finding as to Plaintiff's subjective complaints regarding his pain. The ALJ noted that Plaintiff sought relatively little treatment for his pain. (*Id.*) Plaintiff remarked that his back pain improved when he worked. (*Id.*) Plaintiff was non-compliant with home exercises to improve his pain complaints. (*Id.*) Plaintiff reported that he could walk a couple of miles daily. (*Id.*) The ALJ noted that Plaintiff continued working as a handyman until mid-2003, which "entailed at least medium exertional demands as he described the job on his disability report." (*Id.*) In sum, the Court finds that there was substantial evidence in the record to support the ALJ's adverse credibility finding as to Plaintiff.

### III. CONCLUSION

For the foregoing reasons, the Court hereby ADOPTS the R&R. The Commissioner's decision is REVERSED and this action is REMANDED to the Social Security Administration for further proceedings not inconsistent with this opinion. The Clerk is directed to send copies of this Order to the parties and to Judge Donohue.

SO ORDERED this 12th day of October, 2007.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER – 7